IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00025-MSK-KLM

MICHAEL THOMPSON,

    Plaintiff(s),

v.

MR. H. A. RIOS, JR.,
MR. ORTEGA,
MR. MOLINA,and
MR. CHAVEZ,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER SETTING STATUS CONFERENCE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion for Judgement [sic] by Default Pursuant to Fed. R. Civ. P. 55 [Docket No. 67; Filed April 24, 2008] ("Motion for Default Judgment") and Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Docket No. 68; Filed April 24, 2008] ("Motion for Summary Judgment"). Plaintiff's sole justification for both motions is his contention that Defendants have not filed an answer to his complaint. Motion for Default Judgment at 1 [Docket No. 67]; Motion for Summary Judgment at 2 [Docket No. 68]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the matter has been referred to this Court for Recommendation. Defendants have not responded to either motion. The Court has reviewed the case file and enters its Recommendation based on Plaintiff's pleadings. Accordingly, the Court recommends that the Motion for Default Judgment and the Motion for Summary Judgment be **DENIED**.

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se*. As such, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the *pro se* party's advocate and must nevertheless deny Plaintiff's motions if he has failed to establish that he is entitled to the relief that he seeks. *See Hall*, 935 F.3d at 1110.

In addition, the Court notes that at the time of the injury alleged in Plaintiff's complaint, Defendants were employed by the Federal Bureau of Prisons and are therefore officers of the United States for purposes of determining whether default judgment is appropriate pursuant to Fed. R. Civ. P. 55(e). *See generally Harrod v. Cox*, 165 Fed. Appx. 988, 990-91 (3d Cir. 2006) (applying heightened protection of Rule 55(e) to motion for default judgment made against officers of federal prison); *Daniels v. Henderson*, 976 F. Supp. 1372, 1373 (D. Or. 1997) (same); *see also Dixon v. United States Postal Serv.*, 05-cv-01191-BNB-KLM, 2008 WL 707334, at *2 (D. Colo. Mar. 14, 2008) (unpublished decision) (applying heightened protection of Rule 55(e) to employee of federal agency); *Mason v. Lister*, 562 F.2d 343, 346 (5th Cir. 1977) (same); *Jackson Buff. Corp. v. Marcellle*, 20 F.R.D. 139, 139 (E.D.N.Y. 1957) (holding that former employees of a federal agency were entitled to the heightened protection from default judgment afforded by Rule 55(e)).

In order to give context to the Court's Recommendation, the following procedural history is provided. Defendants' initial deadline to answer or otherwise respond to Plaintiff's complaint was June 29, 2007 [Docket Nos. 15-19]. Defendants were granted extensions of this deadline on two occasions. The second extended deadline was August 24, 2007 [Docket No. 50]. Defendants filed a Motion to Dismiss Plaintiff's complaint on August 23, 2007, thereby altering the deadline to file an answer [Docket No. 49]. *See Burlington N.*

*R.R. v. Huddleston*, 94 F.3d 1413, 1419 (10th Cir. 1996) (recognizing that "the filing of a motion to dismiss alters the time period for an answer to the complaint"). On March 31, 2008, the Motion to Dismiss was granted in part and denied in part [Docket No. 60], and the District Court ordered that a single claim would remain pending against the above-named Defendants. Within eighteen days of the District Court's Order, contrary to Plaintiff's contention, the remaining Defendants filed their answer to Plaintiff's complaint [Docket No. 63]. Rather than moving for entry of default against Defendants, as Plaintiff is required to do pursuant to Fed. R. Civ. P. 55(a), Plaintiff filed a Motion for Default Judgment.

While Defendants' answer should have been filed within ten days of the Court's ruling on the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(a)(4), "[n]o judgment of default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court." Fed. R. Civ. P. 55(e). In regard to both motions at issue here, other than Plaintiff's conclusory statements, Plaintiff has failed to provide evidence to the Court's satisfaction that he is entitled to relief on his sole remaining claim. As such, entry of default judgment against Defendants is not appropriate, and the Court elects to accept the answer as filed.[1] *See Dixon*, 2008 WL 707334, at *2 (declining to enter default judgment against federal

---

[1] The Court finds that Defendants have actively sought to defend the allegations contained in Plaintiff's complaint by filing their initial Motion to Dismiss. Although the Court does not condone the filing of an untimely answer following a ruling on the Motion to Dismiss, Plaintiff has not been prejudiced by it. The Court notes that Plaintiff received and responded to the answer [Docket No. 71]. Further, given the preference for resolving cases on their merits, rather than on technicalities, the Court is persuaded to accept the answer as filed. *See In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

defendants for their failure to timely answer the complaint within the requirements of Rule 12(a)(4)(A)); *see also Head v. Apfel*, No. 00-1174, 2000 WL 1786523, at *1 (10th Cir. 2000) (unpublished decision) ("When the government's default is due to failure to plead, typically the court will either refuse to enter default or will set aside the default").

In addition, as Defendants' alleged failure to answer Plaintiff's complaint is the sole justification for Plaintiff's Motion for Summary Judgment, and the Court elects to accept the answer as filed, Plaintiff is not entitled to entry of summary judgment in his favor pursuant to Fed. R. Civ. P. 56. Summary judgment is only proper when the record before the Court "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of evidence to support the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S.317, 323-24 (1986). Here, Plaintiff has not satisfied his burden to show there are no genuine issues of material fact. Defendants have answered the complaint and specifically denied the allegations set forth therein. As such, genuine disputes remain.

For the reasons stated above, I respectfully RECOMMEND that Plaintiff's Motion for Default Judgment and Motion for Summary Judgment be **DENIED**.

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183

F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that a Status Conference is set for **June 25, 2008 at the hour of 2:00 p.m.**, in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The purpose of the Status Conference is to consider the nature and status of the case, the timing for filing of any motions or responses, and what discovery, if any, will be needed. Plaintiff and his/her case manager shall contact the court at **(303) 335-2770** on the above date and time in order to participate.

Dated: May 22, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix