IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00025-MSK-KLM

MICHAEL THOMPSON, #31082-007,

    Plaintiff,

v.

MR. H.A. RIOS, JR. (Current Warden),
MR. ORTEGA (Former Captain),
MR. MOLINA (Former SHU Lieutenant),
MR. CHAVEZ (Former SHU Lieutenant),

    Defendants.

---

## ORDER ADOPTING RECOMMENDATION AND DENYING MOTIONS

---

THIS MATTER comes before the Court on a Recommendation **(#72)** by the Magistrate Judge that the Plaintiffs' Motions **(#67, #68)** seeking a default judgment and summary judgment be denied. No objection has been filed. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Procedural Background

In his Complaint **(#3)**, the Plaintiff, Michael Thompson, claims that the Defendants denied him due process when they decided to confine him to administrative detention. By prior Order **(#60)**, the claim is limited to decisions made after June 13, 2005, and recovery is limited to nominal and punitive damages.

Mr. Thompson has filed two motions, one seeking a default judgment against all

Defendants **(#67)**, and the other seeking summary judgment on his claim against all Defendants **(#68)**. He contends that the Defendants have not answered his Complaint, and therefore he is entitled to judgment on his claim against them.

The Magistrate Judge construed both motions liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and discerns a single argument for the entry of judgment – the Defendants' failure to answer the Complaint. She recommends **(#72)** that the motions be denied, for the following reasons. The sole basis for Mr. Thompson's motions is the Defendants' failure to file an Answer, but the Defendants filed an Answer **(#63),** even if untimely under Fed. R. Civ. P. 12(a)(4)(A), which demonstrates that they intend to defend the claims against them. No default has been entered against any Defendant under Fed. R. Civ. P. 55(a), but even if one had, a default judgment cannot enter against a federal governmental employee under Fed. R. Civ. P. 55(d)[1] unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." Here, Mr. Thompson has provided no evidence with his motions to support his due process claim.

### III. Analysis

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a magistrate judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the magistrate judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a district court may apply whatever standard of

---

[1] The Recommendation cites to former Fed. R. Civ. P. 55(e), now found at Fed. R. Civ. P. 55(d).

review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, there are no objections to the Recommendation. Thus, it is reviewed for clear error. In such review, a court considers the applicable law and determines whether the magistrate judge correctly applied it. The fact that a court might have decided the issues differently does not establish clear error. *See N.L.R.B. v. Viola Industries-Elevator Div., Inc.,* 979 F.2d 1384, 1387 (10th Cir. 1992). Rather, there is "clear error" if, upon review of the record, a court "is left with the definite and firm conviction" that the magistrate judge made a mistake. *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006).

The Magistrate Judge's Recommendation is not clearly erroneous. Rather, it is based upon a correct application of the law.

**IT IS THEREFORE ORDERED** that the Recommendation **(#72)** is **ADOPTED,** and the Plaintiffs' Motions **(#67, #68)** for default judgment and summary judgment are **DENIED**.

Dated this 10th day of October, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge