IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00025-PAB-KLM

MICHAEL THOMPSON,

    Plaintiff(s),

v.

MR. H. A. RIOS, JR.,
MR. ORTEGA,
MR. MOLINA,and
MR. CHAVEZ,

    Defendant(s).
_____

**SECOND ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

On February 1, 2007, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 5]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was also directed to file a certified copy of his inmate trust fund

account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) until his filing fee was paid in full would result in the dismissal of this civil action.

Despite the clear language of the February 1, 2007 Order, this is the second time that the Court has had to issue an order to pay or show cause regarding plaintiff's failure to comply [Docket No. 20]. While plaintiff has generally been consistent with his monthly obligations since the Court's first order to pay or show cause, plaintiff has failed to comply with his filing fee obligations since July 2008. Specifically, plaintiff has failed to file inmate trust fund account statements, pay any other portion of his filing fee, or show cause why he cannot for the months of August, September, and October. Therefore, on or before **December 15, 2008**, plaintiff must either make the required monthly payments for August, September, and October or show cause why he cannot.

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00. **This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.** *Harris*, 2000 WL 33193816, at *1. While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is **required** to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum. *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998). Plaintiff is further

advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, the Court reminds plaintiff that by the **15th day** of **each** month and without any further notice from or order of the Court, he must either make the required monthly payment for each preceding month or file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS HEREBY **ORDERED** that on or before **December 15, 2008**, plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of August, September, and October.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month, e.g., by December 15, 2008 for the month of November, plaintiff shall either make the required monthly payment for the previous month or file a certified copy of his inmate trust fund account statement for that month demonstrating that he is not required pursuant to 28 U.S.C. §

1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this Order, the complaint and this civil action may be dismissed without further notice.

DATED: November 19, 2008.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge