IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00025-PAB-KLM

MICHAEL THOMPSON,

  Plaintiff(s),

v.

MR. H. A. RIOS, JR.,
MR. ORTEGA,
MR. MOLINA,and
MR. CHAVEZ,

  Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff [sic] Motion for Order Compelling Disclosure or Discover [sic]** [Docket No. 81; Filed October 27, 2008] (the "Motion"). In the Motion, Plaintiff requests that the Court order Defendants to more fully respond to his document request that "defendant produce a copy of all documents (including writings, drawings, graphs, charts, photographs, and any other data compilations from which information can be obtained in the possession of the defendants regarding the above Civil Action." *Motion* [#81] at 6. Defendants objected to Plaintiff's document request because (1) it was "vague and ambiguous"; (2) such documents are "not reasonably calculated to lead to discovery of admissible evidence"; (3) it was "unduly burdensome"; (4) because it may seek discovery of privileged information; and (5) because "no such responsive documents are in their possession." *Id.* at 6-7. Defendants did not, however, respond to Plaintiff's Motion and reassert their objections.

As a preliminary matter, the Court does not condone Defendants' failure to respond to the Motion to Compel.  Defendants are litigants in a federal lawsuit, and must participate in the adjudication of this case, including the adjudication of pending motions.  Ordinarily, failure to respond to a motion to compel is deemed to be a waiver of any previously asserted objections to propounding discovery responsive to the request at issue.  See *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005). Further, it is not enough for the objecting party to rely on "boilerplate claims that the requested discovery is" burdensome, vague, privileged, etc., without further substantiation of the objection.  *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). **In the future, Defendants' failure to respond to any motion within the deadline prescribed by D.C. Colo. L. Civ. R. 7.1(C) will result in the imposition of sanctions, including monetary penalties, default judgment, or both.**

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  From my independent review of Plaintiff's document request, I find that it is unnecessarily vague and may call for the production of privileged or protected materials.  Further, Defendants' counsel has represented to Plaintiff that his clients have no additional responsive documents in their possession.  This representation was made by an officer of the Court, and I am entitled to accept that Defendants have conducted the requisite search of their files and produced the documents responsive to Plaintiff's request.  As Plaintiff concedes, Defendants simply cannot produce documents which are not in their possession.  Accordingly, Plaintiff's request for a supplemental response or sanctions is not appropriate.

As Defendants informed Plaintiff, his transfer to a different facility consequently led

to the transfer of his central file. Presumably, Plaintiff's central file is currently in the custody of an appropriate person at FCI Butner in North Carolina. The Court notes that the present custodian is not under the control of Defendants nor within the subpoena power of this Court for the purpose of obtaining documents. Accordingly, Plaintiff has two choices: (1) he can pursue the advice offered by Defendants' counsel and request a copy of his central file directly from the Federal Bureau of Prisons pursuant to 28 C.F.R. §§ 513.40 & 513.43; or (2) he can request that the federal court in the district where FCI Butner is located issue a subpoena duces tecum for production of his central file to custodian of that file. *See* Fed. R. Civ. P. 45(a)(2). In this case, FCI Butner is located in the Eastern District of North Carolina.

Dated: November 26, 2008

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge