IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 07-cv-00025-PAB-KLM

MICHAEL THOMPSON,

    Plaintiff,

v.

MR. H. A. RIOS, JR.,
MR. ORTEGA,
MR. MOLINA, and
MR. CHAVEZ,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 103], which recommends that the Court grant defendants' motion for summary judgment [Docket No. 93]. On July 10, 2009, plaintiff filed timely objections [Docket No. 106] to the Recommendation. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed.R.Civ.P. 72(b).

Plaintiff, who at all relevant times was an inmate at the United States Penitentiary in Florence, Colorado, claims that he was denied due process when he was housed in segregated housing units without the hearings and reviews he contends

he was entitled to under federal regulations. Plaintiff's briefs in this matter, including his objections, focus primarily on the process employed by defendants in placing and keeping him in administrative segregation. He places particular importance on alleged inconsistencies in the government's records of his detention. However, the issue of proper process comes into play only if plaintiff establishes that he had a protected liberty interest in the first place. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest . . . .").

In order to make out a due process claim based on conditions of prison confinement, plaintiff must show that those conditions "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Relevant factors in this analysis include whether

> (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate . . . .

*Estate of DiMarco v. Wyoming Dept. of Corrections, Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). The magistrate judge found that, on balance, the evidence does not make out this threshold showing.

Plaintiff's objections seem to expand on his earlier description, in his summary judgment briefs, of the differences between the conditions of his confinement and the

conditions enjoyed by other, general population inmates – an issue relevant to the second *DiMarco* factor. He provides no affidavit or other evidence in support of any of these new claims. But even accepting his statements as true, I still find that, given the totality of the circumstances, plaintiff has not shown a protected liberty interest. Plaintiff also objects to what he contends were errors in the magistrate judge's recitation of the facts of this case, but even assuming he is correct about those errors, I find that the facts are immaterial to proper resolution of the constitutional question before the Court.

In sum, I agree with the magistrate judge's thorough and well-reasoned analysis. After conducting the requisite *de novo* review, I find that the conditions of his confinement did not impose an "atypical and significant hardship." *Sandin*, 515 U.S. at 484. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 103] is ACCEPTED. It is further

**ORDERED** that defendants' motion for summary judgment [Docket No. 93] is GRANTED. Judgment shall enter in favor of defendants and against plaintiff on all claims.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge